## SUPREME COURT.

The New-York Fire and Marine Insurance Company
agt. Burrell and others.

An *extra allowance* given in a *foreclosure suit,* where a *tender* had been made
*before judgment*, of the amount due, with interest and costs to the time of
making the tender.

The additional allowance is not in the nature of costs incurred subsequent to the
tender.

*New-York Special Term, July,* 1854.    Motion for additional
allowance.

——— *for motion.*
——— *opposed.*

CLERKE, Justice.   The question to be considered on the
present occasion is, whether a plaintiff is entitled to an allow-
ance additional to his ordinary costs, where a tender has been
made before judgment of the amount due, with interest and
costs to the time of making the tender?

Payment of money into court was the only method by which
a defendant could by common law, after the commencement
of the action, save himself from subsequent costs.   By statute,
however, (2 *R. S.* 553, § 20, *marginal,*) the defendant may at
any stage of the proceedings, in actions at law, before trial, in
certain cases, tender to the plaintiff or his attorney sufficient
to satisfy the demand, together with the costs to the time of
making the tender; and if it should appear on the trial, that
the amount so tendered was sufficient to pay the demand and
the costs, the defendant shall not be entitled to pay costs,
incurred subsequent to the tender.

1. Does this provision apply to a foreclosure suit, so as to
preclude the plaintiff, if he refuses to accept the amount, from
the benefit of an extra allowance?   In the present case the
tender was made the day before the plaintiff was entitled to
judgment, when nearly all the trouble and responsibility of
prosecuting the action had been incurred.   The defendant

The New-York Fire & Marine Insurance Co. agt. Burrell and others.

maintains, that having made the tender the plaintiff is not entitled to judgment, and as the Code (§ 308, 2d *paragraph*) in foreclosure suits provides for an additional allowance only where judgment has been obtained, the court can grant no such allowance in this case; and, *secondly*, they cannot grant it, even if the plaintiff is entitled to judgment; as this would be tantamount to allowing costs incurred subsequent to the tender.

This being a technical objection, it is insisted that it should be technically scanned, and that the advantage, which it claims, should be yielded only if there is no doubt that the statute, giving the right to make a tender subsequent to the commencement of the action, is applicable to this case.

The statute expressly refers to *actions at law;* and it was never pretended, before the Code, that it had any application to foreclosure suits, which were always commenced in chancery: and, I confess, that I see no reason why we should stretch the statute, in the absence of any express provision, under the dubious supposition that to do so would be impliedly consistent with the spirit and tenor of the Code. It is, moreover, possible, that the legislature intentionally omitted any alteration on the subject; as in foreclosure suits the interests of the parties are often so difficult as to require the direct interposition of the court, even when the owner of the equity of redemption is prepared to pay the amount due.

Besides, even if the statute may be deemed to apply to foreclosure suits, the plaintiff is not prohibited from prosecuting his action to judgment after the tender has been made. It only denies him costs incurred subsequent to the tender; and, if entitled to judgment, an additional allowance may be given, unless such allowance is tantamount, within the meaning of the statute, to "*costs incurred subsequent to the tender.*"

Is the additional allowance in the nature of costs incurred subsequent to the tender? The allowance, doubtless, cannot be made except when the judgment has been obtained. But this refers only to the condition or circumstances under which it shall be made; it does not intimate that the services for which it is made are rendered after the judgment. It does not follow,

therefore, that this additional allowance is to be deemed equivalent to costs incurred subsequent to the tender. The allowance is made for services commencing from the institution of the action, which are generally more important and onerous in the first than in the subsequent stages. It is, in fact, made for services performed throughout the prosecution of the action, rather than for services rendered at any particular stage of it, and certainly not exclusively for services rendered after the judgment has been obtained.

The allowance, therefore, is not asked for costs *incurred* subsequent to the tender; but having obtained his judgment, to which, notwithstanding the tender, I consider him entitled, the plaintiff asks for an allowance additional to his ordinary costs, to compensate him for the expense and trouble which he has incurred from the commencement of the action throughout all the stages of it; and, as in all cases of this nature, involving as they do considerable labour and responsibility, and requiring no small degree of legal skill, I deem an extra allowance proper, I can see no reason why it should not be granted in the present case.

Let the plaintiff have $50 as such allowance.